IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SPURGEON GREEN, JR., : | |
| : | |
| Movant, : | |
| : | |
| v. : | Case No. 5:07-cr-00002-CAR-CHW-1 |
| : | Case No. 5:14-cv-00439-CAR-CHW |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

### ORDER

In October 2016, the Court entered judgment denying Movant Spurgeon Green Jr.'s motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Docs. 489, 490). A corrective judgment was then published in November 2016, which accurately reflected that Respondent was the prevailing party. (Doc. 497). Since the Court denied Movant's original Section 2255 motion, he has moved for compassionate release (Doc. 518) and attempted to file a second Section 2255 motion (Doc. 537). Both motions were denied or dismissed. (Docs. 528, 538, 542). Movant now seeks to reopen his original Section 2255 proceedings pursuant to Rule 60(b)(4) of the Civil Rules of Federal Procedure. (Doc. 551). He argues that the judgment is void because the magistrate judge was without authority to issue rulings and a Recommendation on his motion to vacate. (*Id*.) For the reasons explained below, Movant's Rule 60(b)(4) motion (Doc. 551) is **DENIED**.

Movant filed his Section 2255 motion in December 2014 (Doc. 459), at which time the motion was referred to a magistrate judge in the Middle District of Georgia. *See* (Docket Text for Doc. 459). The magistrate judge conducted a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and ordered the Government to respond to the

1

motion. (Doc. 461). After briefing of the motion was complete, the magistrate judge issued a Recommendation to deny the Section 2255 motion. (Doc. 482). The Recommendation stated that, "[p]ursuant to *28 U.S.C. § 636(b)(1)*, the parties may serve and filed written objections to [the] Recommendation…. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made." (*Id.*, p. 68) (emphasis added). Movant objected (Docs. 489, 488), thus prompting a de novo review of the Recommendation. The Recommendation was ultimately adopted, the Section 2255 motion was denied, and judgment was entered by the undersigned. (Docs. 489, 490).

More than ten years after he filed his motion to vacate and more than eight years after this Court denied his Section 2255 motion, Movant alleges that the magistrate judge was without authority to issue the Recommendation pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A).[1] (Doc. 551). This alleged lack of authority, according to Movant, makes the denial and judgment of his Section 2255 void. (*Id.*) He asks that the judgment be set aside under Rule 60(b)(4) and that his Section 2255 be reopened. (*Id.*) Movant's motion to reopen is wholly without merit.

Rule 60(b)(4) permits a Court to "relieve a party…from a final judgment, order, or proceeding [if]…the judgment is void." Rule 60(b)(4) has limited application "in the rare instance[s] where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process…." *Bainbridge v. Gov'r of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023)

---

[1] The jurisdiction and authority of a United States magistrate judge is set forth in 28 U.S.C. § 636. Section (b)(1)(A) explains what pretrial matters a magistrate may hear. Section (b)(1)(B) explains that a magistrate judge may be designated "…to submit to a judge of the court proposed findings of fact and recommendations for disposition, by a judge of the court, of any motion excepted in subparagraph (A), [and] of applications for posttrial relief made by individuals convicted of criminal offenses…." The statute then explains that the parties must be mailed a copy of the recommendation and may object within 14 days as provided by the rules of the court. *See* 28 U.S.C. § 636(b)(1).

(citations omitted). Assuming, without deciding, that Movant's Rule 60(b)(4) motion is timely filed, nothing about the referral or the magistrate judge's actions in this case voids the judgment. It is the Court's practice to refer Section 2255 motions to a magistrate judge, the docket clearly reflected the referral, such a referral is contemplated by the Rules of Civil Procedure and the Rules Governing Section 2255 Proceedings, and the magistrate judge's Recommendation was entered explicitly pursuant to the authority granted in 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72; Rules Governing Section 2255 Proceedings, R. 8(b). Moreover, the Recommendation was not dispositive of the motion to vacate, and the Recommendation did not enter judgment.[2] Therefore, the referral to a magistrate judge was proper, and he had jurisdiction to prepare and enter a Recommendation in this proceeding.

Even if Movant could show that there was a defect in how the matter was referred to the magistrate judge, Movant has waived any such objection by failing to raise it timely. Although Movant sought recusal of the undersigned (Doc. 460), Movant never challenged magistrate judge's involvement in this matter until the pending motion was filed, more than 10 years after he filed his Section 2255 motion and the magistrate judge entered his first order about the motion. Movant's failure to object waived any challenge to the Section 2255 motion's referral. *See Weber v. Finker*, 554 F.3d 1379, 1385 ("[A] party who objects to a reference to a magistrate must make his objections known either at the time of the reference or soon thereafter…. A party waives his objection when he participates in a proceeding before a magistrate and fails to make known his lack of consent….") (citations omitted).

---

[2] The cases upon which Movant relies, *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) and *Mendez Jr. Intern. Co. v. M/V Sokai Maru*, 978 F.2d 920 (5th Cir. 1992)*.* are not applicable because they concern proceedings where a magistrate judge entered judgment pursuant to 28 U.S.C. § 636(c), without the consent of the parties. Here, Judge Weigle took no action pursuant to 28 U.S.C. § 636(c).

Based on the foregoing, Movant's motion to reopen pursuant to Rule 60(b)(4) (Doc. 551) is **DENIED.**

**SO ORDERED**, this 16th day of June, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
